UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SRT ENTERPRISES, INC., for itself individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DIRECT ENERGY BUSINESS, LLC<br><br>Defendant. | Case No. 11-CV-4933 |

## NOTICE OF REMOVAL

Defendant, Direct Energy Business, LLC ("DEB"), hereby gives notice of the removal of this action from the Circuit Court of Cook County to the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. §§ 1332(d), 1446 and 1453. The grounds for removal are as follows:

## NATURE OF THE ACTION

1. This putative class action was filed in the Circuit Court of Cook County, City of Chicago, State of Illinois on June 13, 2011.

2. This action involves common law breach of contract claims and claims under the Illinois Consumer Fraud Act, 815 ILCS 505/1, *et seq*., based on the allegations by Plaintiff, SRT Enterprises, Inc. ("SRT"), that DEB billed its customers undisclosed charges relating to the sale of electricity and natural gas and unauthorized early termination fees. See, e.g., Exhibit A, Complaint ¶¶ 33, 41.

3. The named Plaintiff seeks to represent a putative class consisting of "[a]ll persons and entities who have purchased electricity, natural gas, or other services from Direct Energy and who were billed (a) a cancellation or early termination charge by Direct Energy, or

(b) a charge classified as a 'Customer Charge,' 'Standard Metering Charge,' 'Distribution Facility Charge,' 'Environmental Cost Recovery Adj,' or 'Energy Efficiency Programs.'" Complaint ¶ 21. Employees of DEB and members of the Illinois state court judiciary as well as their families are specifically excluded from the class. <u>Id.</u> ¶ 22.

4. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332.

5. Congress passed the Class Action Fairness Act ("CAFA") in 2005 to "expand substantially federal court jurisdiction over class actions." 28 U.S.C. § 1453. Its provisions should be read broadly with a strong preference that interstate class actions be heard in federal court if properly removed. <u>See</u> S. Resp. No. 109-14, at 43 (2005). CAFA was passed with the intent "that the named plaintiff(s) should bear the burden of demonstrating that a case should be remanded to state court." <u>Id.</u>; <u>see also</u> H. Rep. No. 108-144, at 37-39 (2003); H. Rep. No. 109-7 (2005).

6. Under CAFA, when the number of putative class members, as defined in the complaint, exceeds 100, federal court jurisdiction exists over "any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which … any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A); 28 U.S.C. § 1332(d)(5)(B).

## CITIZENSHIP OF THE PARTIES

7. Plaintiff is a corporate resident of Illinois, with its principal place of business located at 659 W. 31st Street, Chicago, Illinois. Complaint ¶ 4. Plaintiff does not allege any alternative state of residence. Accordingly, Illinois is the state in which the named Plaintiff

is domiciled, and the state of which at least one plaintiff is a citizen for purposes of determining diversity.

8. DEB is a limited liability company. As such, its residency is determined by the residency of each of its members. Wise v. Wachovia Securities, LLC, 450 F.3d 265, 267 (7th Cir. 2006). DEB is a limited liability company that was incorporated in Delaware, with its principal place of business in Pennsylvania. See Exhibit B, Declaration of Kerry E. Hughes ("Hughes Declaration") ¶ 3. DEB's sole member is Direct Energy Services, LLC. Id. Direct Energy Services, LLC is a limited liability company that was incorporated in Delaware, with its principal place of business in Texas. Id. Direct Energy Marketing, Inc. is the sole member of Direct Energy Services, LLC. Direct Energy Marketing, Inc. was incorporated in Delaware, with its principal place of business in Texas. Id.

9. Thus, there is complete diversity between at least one member of the class and Defendant pursuant to 28 U.S.C. § 1332(d)(2).

## NUMBER OF CLASS MEMBERS

10. Although the Complaint does not specify the number of class members, see generally Complaint, the putative class greatly exceeds 100.[1] During the Subject Time Period, DEB entered into over 5,000 PowerSupply Coordination Service Agreements with Illinois residents each of whom were billed: (a) a cancellation or early termination charge by DEB, or (b) a charge classified as a "Customer Charge," "Standard Metering Charge," "Distribution Facility Charge," "Environmental Cost Recovery Adj," or "Energy Efficiency Programs." Hughes Declaration ¶ 4.

---

[1] DEB has gathered data for the time period between the date Plaintiff contracted with DEB (February 26, 2009) and the date the Complaint was filed (June 13, 2011) ("Subject Time Period"). DEB does not concede that the Subject Time Period is the actual class period for this case, but does assert that this is a reasonable time period for CAFA removal purposes.

11. Thus, the number of class members in the aggregate is more than 100, satisfying the requirements of 28 U.S.C. § 1332(d)(5)(B).

## AMOUNT IN CONTROVERSY

12. While Defendant vigorously denies the allegations of wrongful conduct contained in the Complaint, it is the sum claimed by Plaintiff that controls for purposes of jurisdiction. See St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288 (1938). The inability of the plaintiff to recover the amount sought or the existence of valid defenses does not affect the amount in controversy analysis. Id. at 289; see also Fermin v. Moriarty, 2003 WL 21787351, at *2 n.2 (S.D.N.Y. Aug. 4, 2003) (fact that Complaint "might not survive a motion to dismiss or a motion for summary judgment is irrelevant").

13. While the Complaint references Plaintiff's individual potential damages as amounting to at least $9,332.91, Complaint ¶ 20, it does not assert damages in a specific dollar amount on behalf of the class. See generally id. However, it is clear that the "compensatory damages, punitive damages…and attorney's fees" for which the named Plaintiff seeks recovery on behalf of the proposed class may very well exceed the sum or value of $5,000,000, exclusive of interest and costs.[2] 28 U.S.C. § 1332(d)(2).

14. In addition to its claim for compensatory damages, the Complaint also asserts a claim for punitive damages. See Complaint Prayer for Relief ¶ (j). Claims for punitive damages are properly considered in determining the amount in controversy. Bell v. Preferred Life Assur. Society, 320 U.S. 238, 240 (1943); Frederico v. Home Depot, 507 F.3d 188, 198-99 (7th Cir. 2007).

---

[2] Specifically, the Complaint asserts claims for compensatory and punitive damages, including but not limited to recovering "all undisclosed and unenforceable charges collected by Direct Energy." Complaint ¶ 3.

15. In addition, the Complaint seeks an award of attorneys' fees and costs, which are potentially recoverable under the Illinois Consumer Fraud Act. See Complaint Prayer for Relief ¶ (k); see also 815 ILCS 505/10a(c); Krautsack v. Anderson, 861 N.E.2d 633, 645-46 (Ill. 2006) (attorneys' fees available to prevailing parties under the statute). Claims for attorneys' fees are also properly considered in determining the amount in controversy. Frederico, 507 F.3d at 199

16. The Court's jurisdiction is dependent not upon any individual class member having a claim for more than $75,000, but rather upon the thousands of putative class members having claims which, in the aggregate, exceed $5,000,000. See 28 U.S.C. § 1332(d)(6) ("[i]n any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.") (emphasis added); see also Blockbuster, Inc. v. Galeno, 472 F.3d 53 (2d Cir. 2006) ("Unlike the general diversity statute which requires at least one claim to meet the amount-in-controversy minimum of $75,000, CAFA explicitly provides for aggregation of each class member's claims in determining whether the amount of controversy is at least $5,000,000.") (internal citations omitted); Exxon Mobil Corp. v. Allapattah Services, Inc., 545 U.S. 546, 571 (2005) ("the Class Action Fairness Act … confers federal diversity jurisdiction over class actions where the aggregate amount in controversy exceeds $5 million") (emphases added).

17. The Complaint's allegations and DEB's supporting Declaration demonstrate that the damages sought by Plaintiff and the putative class far exceed t$5,000,000. Plaintiff alleges damages of at least $9,332.91, Complaint ¶ 20, and the putative class consists of

at least 5,000. See Hughes Declaration ¶ 4.[3] When the amount claimed by Plaintiff is multiplied by the number of possible class members, the actual damages are well over $4,600,000. Factoring in punitive damages and attorneys' fees brings the damages at issue over the $5,000,000 theshold.

18. Further, Plaintiff does not allege or stipulate that the damages claimed, when considered in the aggregate, do not exceed $5,000,000. See generally Complaint; see also Cohoon v. Scenic Nursing & Rehabilitation Center, LLC, 2007 WL 2669095, at *1 (E.D. Mo. 2007) ("As plaintiff has not entered into a binding stipulation that the amount in controversy does not and will not exceed this Court's jurisdictional amount in controversy, the Court is of the opinion that jurisdiction exists over this controversy."); Oshana v. Coca-Cola Co., 472 F.3d 506, 512 (7th Cir. 2006) ("Litigants who want to prevent removal must file a binding stipulation or affidavit with their complaint …").

19. Even if it could be said that there was a slight doubt whether the amount in controversy requirement is satisfied, the legislative history of CAFA indicates that this Court should exercise its jurisdiction: "[I]f a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000,' the court should err in favor of exercising jurisdiction over this case." S. Rep. No. 109-14, at 42.

---

[3] This evidence is appropriately considered in determining whether the amount in controversy requirement is satisfied. See, e.g., Meridian Sec. Ins. Co. v. Sadowski, 441 F.3d 536, 541-42 (7th Cir. 2006) (noting that, in connection with removal, defendant may "introduce[e] evidence, in the form of affidavits from the defendant's employees or experts, about how much it would cost to satisfy the plaintiff's demands"); Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004) (court considers "summary-judgment-type evidence relevant to the amount in controversy at the time of removal," such as affidavits or declarations).

20. Thus, based upon the allegations of the Complaint and DEB's supporting Declaration, it is clear that the amount in controversy exceeds the $5,000,000 threshold set forth in 28 U.S.C. § 1332(d)(2).

**NO EXCEPTIONS TO REMOVAL UNDER CAFA APPLY**

21. CAFA permits a district court to decline jurisdiction of a case only if the requirements of § 1332(d)(3) or § 1332(d)(4) are satisfied by Plaintiff. Here, neither section is applicable.

22. There is no basis to decline jurisdiction under CAFA. § 1332(d)(3); § 1332(d)(4)(A); § 1332(d)(4)(B). First, the Complaint was originally filed in the Circuit Court of Cook County, Illinois. Second, although not defined as such in the Complaint, the class is necessarily limited to Illinois citizens because the Complaint seeks relief under the Illinois Consumer Fraud Act. See Avery v. State Farm Mut. Auto. Ins. Co., 835 N.E.2d 801, 854-855 (Ill. 2005) (non-resident plaintiff may pursue private cause of action under Consumer Fraud and Deceptive Business Practices Act only if the circumstances that relate to the disputed transaction occur primarily and substantially in Illinois). Third, DEB is not a citizen of Illinois. See Hughes Declaration ¶ 3.

23. § 1332(d)(3) permits a district court to decline jurisdiction only if the defendant is a citizen of the State in which the action was originally filed and greater than one-third but less than two-thirds of the putative class members are also citizens of the State in which the action was originally filed. 28 U.S.C. § 1332(d)(3). DEB is not a citizen of Illinois. See Hughes Declaration ¶ 3. Thus, this section is inapplicable.

24. § 1332(d)(4)(B) directs a district court to decline jurisdiction only if two-thirds or more of the proposed class and the defendant are both citizens of the State in which the

action was originally filed. This section is also inapplicable because DEB's citizenship is diverse from two-thirds or more of the putative class, which necessarily is limited to Illinois citizens as discussed above.

25. Similarly, § 1332(d)(4)(A)(i) directs a district court to decline jurisdiction only if (i) greater than two-thirds of the members of the proposed class are citizens of the State in which the action was originally filed; (ii) one or more of the defendants from whom significant relief is sought are citizens of the States in which the action was originally filed; and (iii) during the three-year period preceding the filing of the class action, no other class action has been filed asserting the same or similar factual allegations against the defendant. Again, this section is inapplicable because DEB is not a citizen of Illinois. See Hughes Declaration ¶ 3.

## TIMELINESS OF REMOVAL

26. DEB was served with the Complaint on June 21, 2011.

27. This Notice of Removal is being filed on July 21, 2011, and is therefore timely under 28 U.S.C. § 1446(b).

## PROCEDURES FOR REMOVAL

28. The Complaint, Plaintiff's Motion for Class Certification, and DEB's appearance in the state action, attached hereto as Exhibit A, constitute all process, pleadings and orders in DEB's possession. 28 U.S.C. § 1446(a).

29. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Plaintiff's Counsel and a copy is being filed with the Clerk of the Circuit Court of Cook County.

Dated: July 21, 2011  Respectfully submitted,

DIRECT ENERGY BUSINESS, LLC

By: /s/ Steven R. Smith
     One of Its Attorneys

Steven R. Smith, #3128231
Derek S. Holland, #6285564
Michael J. Werich, #6294060
BRYAN CAVE LLP
161 North Clark Street, Suite 4300
Chicago, Illinois 60601
(312) 602-5000 (tel)
(312) 602-5050 (fax)
srsmith@bryancave.com
derek.holland@bryancave.com
michael.werich@bryancave.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 21, 2011, I caused the foregoing to be filed electronically with the Clerk of the Court through ECF and served via regular mail on the following:

| | |
|---|---|
| Todd L. McLawhorn | Jonathan P. Remijas |
| McLawhorn Law Offices, P.C. | Law Offices of Jonathan P. Remijas |
| 407 S. Dearborn St. | 407 S. Dearborn St. |
| Suite 1310 | Suite 1310 |
| Chicago, IL 60605 | Chicago, IL 60605 |

By: /s/Steven R. Smith
     Steven R. Smith